UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Miami Division

CASE NO: _____

KAREN SMEETS,

       Plaintiff,

vs.

NCL (BAHAMAS) LTD. d/b/a
NORWEGIAN CRUISE LINE
and NCL CORPORATION LTD.

       Defendant.
_____/

**COMPLAINT FOR DAMAGES AND**
**DEMAND FOR JURY TRIAL**

The Plaintiff KAREN SMEETS, by and through undersigned counsel, hereby sues the Defendants NCL (Bahamas) Ltd. d/b/a Norwegian Cruise Line, a foreign corporation and NCL Corporation Ltd., a foreign corporation and states as follows:

**JURISDICTION AND VENUE**

1. This is an action for personal injuries under general maritime law seeking damages in excess of $75,000.00 (Seventy-Five Thousand Dollars), exclusive of costs, attorneys' fees and interest.

2. The Plaintiff KAREN SMEETS is a resident of the state of California.

3. The Defendant NCL (Bahamas) Ltd. [hereinafter referred to as "NCL"] is a foreign corporation organized under the laws of Bermuda with its principal place of business in Miami-Dade County, Florida doing business as Norwegian Cruise Line. The Defendant NCL Corporation Ltd. [hereinafter referred to as NCL Corp."] is a foreign corporation with its principal place of business in Miami-Dade County, Florida also doing business as Norwegian Cruise Line.

*The Peltz Law Firm, P.A. Miami, Florida  RPeltzLaw@Gmail.com  Phone: 786-732-7219*

Accordingly, this Court has diversity of citizenship jurisdiction over this case.

4. Venue is proper in this District pursuant to 28 U.S.C. 1391(b) because both Defendants NCL and NCL Corp. maintain their base of operations here and are engaged in and doing business in Miami-Dade County, Florida, while the *Norwegian Jewel* regularly calls on Florida ports.

5. In addition, venue is proper against these Defendants in this Court, as the passenger ticket provided by the Defendants to the Plaintiff contains a forum selection clause, which provides that all actions shall be filed in the United States District Court for the Southern District in Miami-Dade County, Florida, U.S.A.

6. The Plaintiff has complied with all conditions precedent to the filing of this lawsuit.

7. The Defendants NCL and NCL Corp. are common carriers engaged in the business of marketing, selling and operating a cruise line out of various ports within the continental United States, including Miami, Florida and the world doing business as NCL Cruise Line. The Defendants NCL and NCL Corp. derive substantial revenues from cruises originating and terminating in various ports in the State of Florida, including Miami-Dade, County, Florida.

8. At all times material hereto, the Defendant NCL and/or NCL Corp. were the operator(s), owner(s), owner(s) pro hac vice and/or charterer(s) of the *Norwegian Jewel* and as such owned, operated, managed, maintained, supervised, chartered, and/or controlled the vessel on October 13. 2015.

9. At all times material hereto, the Plaintiff KAREN SMEETS was a fare-paying passenger aboard the NCL/NCL Corp. vessel *Norwegian Jewel.* The Plaintiff boarded the vessel in Los Angeles, California on October 11, 2015 for a seven (7) day cruise that was scheduled to stop at various ports of call, including Cabo San Lucas.

10. On or about October 13, 2016, the *Norwegian Jewel* stopped at the Port of Cabo San Lucas, one of the scheduled ports of call for the subject cruise. The *Jewel* dropped anchor off

of the coast and accordingly, it was necessary for it to use tenders to take its passengers, including the Plaintiff KAREN SMEETS, from the *Jewel* to Cabo San Lucas.

11. The Defendants NCL and/or NCL Corp. owned, operated, chartered, leased, controlled and/or maintained various tender boats for the purpose of transporting passengers from the *Norwegian Jewel* to Cabo San Lucas.  The Defendants NCL and/or NCL Corp. also utilized their crew members, employees and/or agents to transfer the passengers from the *Jewel* to the tenders, which they was using to transport passengers to Cabo San Lucas. The Defendants NCL and/or NCL Corp., through their crew members, employees and agents completely controlled the transfer process of passengers from the *Jewel* to the tenders.

12. As the Plaintiff KAREN SMEETS was attempting to board one of the tender boats utilized by the Defendants NCL and/or NCL Corp. to transport passengers from the *Jewel* to Cabo San Lucas under the direction and instructions of the Defendants' crew, employees and/or agents, her leg was smashed between the *Jewel* and the tender due to the negligence of the Defendants and/or their crew, employees or agents and was crushed resulting in serious fractures and other attendant injuries.

## COUNT I – NEGLICENCE OF THE DEFENDANTS NCL AND/OR NCL CORP.

13. The Plaintiff KAREN SMEETS repeats and adopts paragraphs one (1) through twelve (12) above and further avers:

14. At all times material, and in particular on or about October 13, 2015, the Defendants NCL and/or NCL Corp. owed to their passengers, including the Plaintiff, the duty to exercise reasonable care to provide safe egress and ingress from their vessel to port.  In the case of ports requiring the use of tenders to transport passengers from the vessel to shore, this legal duty included the obligation to use reasonable care to safely transfer its passengers from their vessel, in this case the *Jewel*, to the tenders being used for such transport.

*The Peltz Law Firm, P.A. Miami, Florida  RPeltzLaw@Gmail.com  Phone: 786-732-7219*

15. All of the individuals involved in the transfer of the Plaintiff KAREEN SMEETS to the tender on October 13, 2015, including the crew and operators of the tender and the individuals assisting passengers to transfer from the vessel to the tender, were crew members of the *Jewel* and/or employees or agents of the Defendants NCL and/or NCL Corp. for which they are vicariously liable. All of these individuals were at all times material acting in the course and scope of their employment or agency with the Defendants NCL and/or NCL Corp.

16. At all times material, the Defendants NCL and/or NCL Corp. through their vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendants, breached the duty of reasonable care owed to the Plaintiff and were negligent in one or more of the following ways:

   a. Failing to exercise reasonable care in assisting the Plaintiff to transfer from the vessel to the tender under the conditions then existing, so that her leg was smashed between the vessel and tender;

   b. Failing to exercise reasonable care in instructing and/or directing the Plaintiff during the transfer process from the vessel to the tender under the sea conditions then existing, so that her leg was smashed between the vessel and tender;

   c. Failing to properly train and/or instruct its crew members, employees and other agents and employees how to safely direct and assist passengers during the transfer process from the vessel to the tender,

   d. Failing to properly train and/or instruct its crew members, employees and other agents and employees how to safely carry out or conduct the transfer process from the vessel to the tender,

   e. Failing to properly train and/or instruct its passengers in the transfer process from the vessel to the tender,

   f. Failing to install, utilize and/or maintain proper and reasonable safeguards and/or equipment to prevent passengers from being injured when transferring from its vessel to the tender under the conditions existing at the time of the subject accident;

   g. Failing to take proper precautions for the safety of passengers transferring from its vessel to the tender under the conditions existing at the time of the subject accident;

*The Peltz Law Firm, P.A. Miami, Florida  RPeltzLaw@Gmail.com  Phone: 786-732-7219*

    h.    Failing to warn passengers of the dangers, risks and hazards of transferring from its vessel to the tenders under the circumstances exiting at the time of the Plaintiff's accident;

    i.    Failing to have adequate policies and procedures in place for the safe transfer of passengers from the vessel to the tender under the conditions existing at the time of the subject accident;

    j.    Creating a dangerous condition and/or failing to remedy a dangerous condition which was known by the Defendants and which in the exercise of reasonable care should have been known by the Defendants;

    k.    Failing to use a proper anti-slippery surfaces on the decks of its vessel and/or of its tender so as to prevent passengers from slipping while attempting to transfer from the vessel to the tender;

    l.    Failing to properly assist passengers boarding its tender to do so in a safe manner;

    m.    Failing to have sufficient numbers of properly trained crew members, employees or agents assisting passengers in the transfer process under the conditions existing at the time of the subject accident;

    n.    Failing to properly and/or sufficiently man its tender so that passengers could board it in a safe manner under the circumstances existing at the time of the subject accident;

    o.    Failing to properly operate its tender so that passengers could transfer to it in a safe manner under the circumstances existing at the time of the subject accident;

    p.    Through other acts or omissions constituting a breach of the duty to use reasonable care which are expected to be revealed through discovery.

17.    The Defendants NCL and/or NCL Corp. either created and/or knew or should have known of the above-described conditions through the exercise of reasonable care.

18.    The above conditions were neither open nor obvious to the Plaintiff, and accordingly, the Defendants owed the Plaintiff the duty to warn of them and/or to correct them.

19.    As a direct and proximate result of the aforementioned negligence of the Defendant NCL and/or NCL Corp., the Plaintiff KAREN SMEETS sustained serious and permanent injuries to her leg, body and extremities, pain and suffering, disability, disfigurement, mental anguish, aggravation of preexisting conditions, inconvenience, scarring, the loss of the capacity for the

enjoyment of life, loss of past earnings, loss of future earnings, diminished earning capacity in the future, and has incurred medical expenses in the past and will incur medical expenses in the future. All of said damages are permanent and continuing in nature.

WHEREFORE, the Plaintiff KAREN SMEETS demands judgment against the Defendants NCL and/or NCL Corp. for damages in excess of the minimal jurisdictional limits of this Court, as well as post-judgment interest and costs, and demands trial by jury of all issues so triable.

## COUNT II – VICARIOUS LIABILITY OF THE DEFENDANTS NCL AND NCL CORP.

20. The Plaintiff, KAREN SMEETS, repeats and adopts paragraphs one (1) through nineteen (19) above and further avers:

21. The Defendants NCL and/or NCL Corp. owed their passengers, including the Plaintiff KAREN SMEETS, the non-delegable duty for the provision of a safe means of egress and ingress from its vessel to port. In the case of ports requiring the use of tenders to transport passengers from the vessel to shore, this non-delegable duty included the obligation to safely transfer its passengers from its vessel, in this case the *Jewel*, to the tenders being used for such transport.

22. Because of the non-delegable nature of this duty, to the extent that the Defendants NCL and/or NCL Corp. utilized the services of third parties to perform or participate in the performance of the above described tendering services, they are vicariously liable for their negligence or failure to exercise reasonable care in the performance these services and the Plaintiff's resulting injuries as described in detail in Count I, which allegations are incorporated herein by reference.

WHEREFORE, the Plaintiff KAREN SMEETS demands judgment against the Defendants NCL and/or NCL Corp.  for damages in excess of the minimal jurisdictional limits of this Court, as well as post-judgment interest and costs, and demands trial by jury of all issues so triable.

*The Peltz Law Firm, P.A. Miami, Florida  RPeltzLaw@Gmail.com  Phone: 786-732-7219*

DATED this **4th** day of **October, 2016.**

                                      Respectfully submitted,

By: *Robert D. Peltz*
**ROBERT D. PELTZ (FL.BARNO.: 220418)**
THE PELTZ LAW FIRM, P.A.
P.O. BOX 56-0003
Miami, Florida 33256
E-mail: RPeltzLaw@Gmail.com
Telephone:  786-732-7219
        and
Michael Sutton, Esq.
Sutton & Murphy
26056 Acero
Mission Viejo, Cal. 92691
Email: msutton@suttonmurphy.com
Telephone:  949-206-0550
(Application for pro hac vice admission pending)
    *Attorneys for the Plaintiff*